UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DANA LOPEZ, on behalf of
herself and others similarly
situated,

        Plaintiffs        CASE NO.

    v.

JW LEE INC. d/b/a SCARLETT'S
CABARETT

and

ERIC LANGAN, individually,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**(Collective/Class Action Complaint)**

Plaintiff, DANA LOPEZ ("Plaintiff"), files this Complaint against the Defendants, JW LEE INC. d/b/a SCARLETT'S CABARETT and ERIC LANGAN ("Defendants"), for unpaid wages and other relief under the Fair Labor Standards Act and the Florida Constitution, and alleges as follows:

**INTRODUCTION**

1.    This is an action by the Plaintiff against her previous employer for unpaid wages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") and the Florida Constitution.

1

## **JURISDICTION**

2. . This action arises under the Florida Constitution and the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* Jurisdiction is proper in this court pursuant to 29 U.S.C. § 216 and Florida Constitution, Art. X, Sec. 24.

3. Pursuant to Florida Statute 448.110(6), Plaintiff served a pre-suit demand letter on Defendants. *See* Letter attached as Exhibit A. More than fifteen (15) have expired since Defendants' receipt of the letter and Defendants did not meet Plaintiff's demands.

## **VENUE**

4. Venue is proper because Defendants conduct substantial business in Miami-Dade County, Florida, and Plaintiff worked for Defendants in Miami-Dade County, Florida, where the actions at issue took place.

## **PARTIES**

5. Plaintiff worked as an Entertainer for Defendants in Florida.

6. Plaintiff began working with Defendants in 2011.

7. Defendant JW LEE INC. d/b/a SCARLETT'S CABARETT is a company located in Opa-Locka, Florida.

8. Defendant ERIC LANGAN owns and operates JW LEE INC. d/b/a SCARLETT'S CABARETT in Opa-Locka, Florida.

## FLSA ENTERPRISE COVERAGE

9. At all material times relevant to this action (2020 – 2025), Defendant JW LEE INC. d/b/a SCARLETT'S CABARETT was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203 (s).

10. At all material times relevant to this action (2020-2025), Defendants made gross earnings of at least $500,000.00 annually.

11. At all material times relevant to this action (2020-2025), Defendants accepted payments from customers based on credit cards issued by out of state banks.

12. At all times relevant to this action (2020-2025), Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked.

13. Defendants controlled and/or were responsible for the work of Plaintiff.

## GENERAL FACTUAL ALLEGATIONS

14. Plaintiff worked as an Entertainer for Defendants from 2011 through September 2023.

15. Plaintiff was not paid an hourly wage throughout her employment with Defendants.

16. Defendants required Plaintiff to utilize her tips to pay the staff.

17. Specifically, Plaintiff was required to tip the DJs, house mom, managers, and floor guys.

18. As such, Plaintiff lost out on approximately $240.00 per week.

19. Defendants operated and managed the Club and were all involved in the day-to-day operation of the Club.

20. Defendants made the decision to classify Plaintiff as an independent contractor rather than an employee.

21. Defendants employed Plaintiff within the last five (5) years.

22. Plaintiff worked in the State of Florida without being paid at least the full minimum wage for all hours worked.

23. Defendants controlled and/or were responsible for the work of Plaintiff.

24. Plaintiff did a specific job, i.e., dance for and entertain guests, which was/is an integral part of the business of Defendants.

25. As a result of these common policies, Plaintiff is entitled to receive full minimum for each hour worked as repayment improperly unpaid/deducted from her wages.

26. During her employment, Plaintiff complained about the illegal practices above-describing Defendants' management, and Defendants took no action to stop the illegal practices.

27. Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed or waived. *See* Plaintiff's Demand letter attached as Exhibit "A."

28. Defendants made the decision to classify Plaintiff as an independent contractor rather than employee.

29. Defendants made the decision to require Plaintiff to pay certain fees and tip-outs each shift.

30. Defendants directly and indirectly controlled Plaintiff's work schedules by requiring her to work a minimum number of shifts and hours per shift or pay a monetary penalty for failure to do so.

31. Defendants' house moms and managers directly and indirectly controlled the appearance and dress of dancers.

32. Defendants and their managers had the authority to suspend and discipline dancers.

33. Defendants and their managers directly and indirectly supervised dancers on a day-to-today basis.

34. Defendants made all advertising, marketing and promotional decisions regarding the club and paid all costs associated with advertising marketing and promoting the club.

35. Defendants required customers to pay a "door fee" to enter the business and thus had ultimate authority as to which individuals were allowed to enter the club as customers.

36. Defendants and house moms had the discretion not to permit a dancer to perform if she arrived at a scheduled shift after a certain time.

37. Defendants enforced a mandatory check-out process for its dancers, which included the payment of various fees to the club and its managers, floor guys, house moms, and DJs.

38. Defendants maintained and enforced written and unwritten rules of conduct for dancers.

39. The duties of Defendants' management included ensuring that dancers complied with club rules and policies.

40. Defendants provided all stages used for dance performances at the Club.

41. Defendants provided poles used for dance performances at the Club.

42. Defendants are responsible for day-to-day purchases of liquor for sale at the Club.

## COLLECTIVE ACTION ALLEGATIONS

43. As alleged herein, Defendants are liable under the FLSA and the Florida Constitution for willfully failing to properly compensate Plaintiff and

all other similarly situated current and former adult entertainers employed by Defendants during the five year period prior to commencement of this action, and as such, notice should be sent to past and present adult entertainers employed by Defendant JW LEE INC. d/b/a SCARLETT'S CABARETT, a Florida Limited Liability Company, and ERIC LANGAN, individually, during the five year period prior to initiation of this action, pursuant to 29 U.S.C. § 216(b).

44. Class members are treated equally by Defendants.

45. Defendants have repeatedly and intentionally engaged in a similar practice, commonly and typically applied to the class of adult entertainers, of improperly depriving compensation to which such adult entertainers are entitled under the FLSA.

46. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit, rather, the same policies or practices which resulted in the non-payment of wages to Plaintiff apply to all class members.

47. Accordingly, the class members are properly defined as:

> **All Adult Entertainers who were classified as independent contractors and worked for Defendant during the five (5) years preceding this lawsuit.**

48. There are numerous similarly situated current and former adult entertainers employed by Defendants who have been subject to the same

policies and practices alleged herein, in violation of the FLSA, and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.

49. Those similarly situated employees are known to Defendants and are readily identifiable by Defendants' records.

50. Plaintiff, on behalf of herself and other similarly situated current and former employees, bring this collective action against Defendants under the FLSA, 29 U.S.C. § 201, *et seq.* for failure to pay minimum wage and reimbursement of tips.

51. Plaintiff and others similarly situated (the "FLSA Collective"), are individuals who are current and former adult entertainer employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

## CLASS REPRESENTATION ALLEGATIONS

52. Class members are treated equally by Defendants.

53. Defendants have employed more than one hundred fifty (150) class members or more who did not receive minimum wage and proper tip payments.

54. Plaintiff and the class members performed the same job duties, i.e. providing entertainment for Defendants' customers.

55. Plaintiff and the class members did not receive minimum wage.

56. Plaintiff and the class members were required to tip out other staff.

57. Plaintiff and the class members were not paid proper minimum wage for all hours worked.

58. Defendants failed to keep accurate time and pay records for Plaintiff and all class members.

59. Defendants were aware of the requirements of the Fla. Const. Art. X § 24, yet it acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

60. Plaintiff has hired the undersigned law firm to represent her and the class in this matter and is obligated to pay reasonable attorneys' fees and costs if they prevail.

61. The claims under the Florida Constitution may be pursued by all similarly situated persons pursuant to Fl. R. Civ. P. 1.220(b)(2) and (3).

62. The number of individuals in the class is so numerous that joinder of all members is impracticable.

63. The exact number of members of each class can be determined by reviewing Defendants' records.

64. Plaintiff, under information and belief, is informed there are numerous of eligible individuals in the defined class.

65. Plaintiff will fairly and adequately protect the interests of the class and has retained counsel which is experienced and competent in class action and employment litigation.

66. Plaintiff has no interests that are contrary to or in conflict with the members of the class.

67. A class action suit, such as the underlying, is superior to other available means for fair and efficient adjudication of the lawsuit.

68. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

69. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.

70. Absent these actions, many members of the class likely will not obtain redress of their damages and Defendants will retain the proceeds of its violations of the Florida Constitution.

71. Furthermore, even if every member of the class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

72. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

73. There is a well-defined community of interest in the questions of law and fact affecting the class as a whole.

74. The questions of law and fact common to the class predominate over any questions affecting solely the individual members.

75. Among the common questions of law and fact are:

   a. Whether dancers were uniformly, willfully, and wrongfully compensated;

   b. Whether Defendants improperly required Plaintiff and the dancers to tip out other staff members;

   c. Whether Defendants failed to pay Plaintiff and class members all minimum wages for all hours worked;

   d. What remedies are appropriate compensation for the damages caused to Plaintiff and each member of the class; and

   e. Whether Defendants' failure to compensate Plaintiff and the class members at the applicable minimum wage was willful, intentional or done with reckless disregard.

76. The relief sought is common to the entire class including, *inter alia:*

   a. Payment by the Defendants of actual damages caused by its failure to pay minimum wages pursuant to the Florida Constitution;

    b. Payment by the Defendants of liquidated damages caused by its failure to pay minimum wages pursuant to the Florida Constitution;

    c. Payment by the Defendants for damages related to unjust enrichment; and

    d. Payment by the Defendants of the costs and expenses of this action, including attorneys' fees of Plaintiff's counsel.

77. Plaintiff's claims are typical of the claims of members of the class.

78. Plaintiff and the class members have sustained damages arising out of the same wrongful and uniform employment policies of Defendants in violation of the Florida Constitution.

79. Plaintiff seeks class certification under Fl. R. Civ. P. 1.220(b)(2) and (3) of the following state class for failure to pay minimum wages:

> **All Adult Entertainers who were classified as independent contractors and worked for Defendant during the five (5) years preceding this lawsuit.**

80. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

## **COUNT I - VIOLATION OF THE FLORIDA CONSTITUTION, ART. X, SEC. 24**
## **(Minimum Wage)**

81. Plaintiff and the class members reassert the allegations set forth in Paragraphs 1-80 above and incorporate them by reference into this first Claim of Relief.

82. Defendants systematically and willfully did not pay Plaintiff and the class members the minimum wage to which they are entitled to under Florida law because Defendants failed to properly compensate Plaintiffs as an eligible employee and not an independent contractor, therefore failing to provide compensation that was equal to the applicable Florida minimum wage.

83. Defendants should have paid the proper minimum wage to Plaintiff and other similarly situated individuals.

84. Under Florida law, Plaintiffs are entitled to injunctive relief, the recovery of the full amount of unpaid wages owed, liquidated damages, costs, attorneys' fees, and to any other relief which this Court deems just and proper.

## **COUNT II- VIOLATION OF 29 U.S.C. § 206 AND 215**

85. Plaintiff and the class members reassert the allegations set forth in Paragraphs 1-80 above and incorporate them by reference into this second Claim of Relief.

86. Plaintiff and the class members are employees covered by the FLSA and are entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

87. Defendants did not compensate Plaintiff and the class members at an hourly rate above or equal to the minimum wage.

88. Defendants willfully failed to compensate Plaintiff and the class members at an hourly rate above or equal to the minimum wage.

89. Plaintiff and the class members are entitled to payment of their minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

90. Defendants' requirement that Plaintiff and the class members pay fees and fines to the Club and its managers, house moms, floor guys, and DJs violated the "free and clear" requirement of 29 CFR 531.35.

91. Plaintiff and the class members are entitled to receive all unpaid minimum wages from Defendants for the hours that they worked.

92. Plaintiff and the class members are entitled to recover from Defendants as part of their wage loss, all fees, tip-outs and fines that they were required to pay in order to work at the Club.

93. Defendants' violation of the FLSA was willful.

94. In other words, Defendants knew or showed reckless disregard for the fact that its wage and "pay to work" policies violated the FLSA.

95. As a result of Defendants' willful underpayment of minimum wages as alleged above, Plaintiff and the class members are entitled to liquidated damages in accordance with FLSA §16(b), 29 U.S.C. § 216(b).

96. Defendants failed to act in good faith in implementing and enforcing their wage and "pay to work" policies and their implementation and enforcement of these policies were unreasonable.

97. Defendants violated the record keeping requirements of the FLSA.

98. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit, rather, the same policies or practices which resulted in the non-payment of wages and tips to Plaintiff apply to all class members.

99. As a result of its underpayment of minimum wages as alleged above, Defendants are jointly and severally liable to Plaintiff for litigation costs, including reasonable attorney's fees, in accordance with FLSA §16(b), 29 U.S.C. § 216(b).

### COUNT III- REIMBURSEMENT OF HOUSE FEES AND TIPS

100. Plaintiff and the class members reassert the allegations set forth in Paragraphs 1-80 above and incorporate them by reference into this third Claim of Relief.

101. Defendants further violated the FLSA by requiring the Plaintiff and the class members to pay house fees and tip outs as a condition of employment.

102. Defendants' house fee and tip out requirement benefitted the Defendants and caused Plaintiff and the class members' potential wages to fall well below the minimum wage.

103. Pursuant to the FLSA, specifically 29 CFR § 531.35, wages must be paid "free and clear."

104. 29 CFR § 531.35, states in part "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear."

105. The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee."

106. The house fees paid by the Plaintiff and the class members constitute "illegal kickbacks" pursuant to 29 CFR § 531.35.

107. The tip-outs paid by the Plaintiff and class members to the "house mom", the floor guys, and the DJ constitute "illegal kickbacks" pursuant to 29 CFR § 531.35.

108. These sums must be returned to Plaintiff and the class members to bring Defendants' minimum wage obligations to the Plaintiff and the class members complied with the requirements of the FLSA.

109. Defendants' policy of house fees and tip outs were not recorded in the federal and state tax returns or gross receipts.

110. Defendants are not entitled to a set off or tip credit for sums earned by the Plaintiff and the class members.

111. Defendants are liable to the Plaintiff and class members in the amount of the sum of any tip credit taken by the employer and all such tips

unlawfully kept by Defendant, and in an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

### COUNT IV- VIOLATION OF THE FLSA AND FLORIDA MINIMUM WAGE ACT BY DEFENDANT ERIC LANGAN, INDIVIDUALLY

112. Plaintiff and the class members reassert the allegations set forth in Paragraphs 1-80 above and incorporate them by reference into this fourth Claim of Relief.

113. Defendant, ERIC LANGAN, is/was the "employer and employs(ed) Plaintiff and all others similarly situated as an "employee" within the meaning of the FLSA, 29, U.S.C. § 203(d).

114. Defendant, ERIC LANGAN, is/was engaged in "commerce" and/or in the productions of "goods" for "commerce".

115. Defendant ERIC LANGAN operates an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than $500,000.

116. Defendant ERIC LANGAN is/was responsible for hiring JW LEE INC. d/b/a SCARLETT'S CABARETT's employees.

117. Defendant ERIC LANGAN is/was responsible for firing JW LEE INC. d/b/a SCARLETT'S CABARETT's employees.

118. Defendant ERIC LANGAN made the decision to classify Plaintiff and all others similarly situated as independent contractors.

119. Defendant ERIC LANGAN made the decision that Plaintiff and all others similarly situated did not qualify for an hourly rate at least equal to the Federal Minimum Wage.

120. As a result, Defendant ERIC LANGAN is individually liable for any damages under the FLSA.

121. Wherefore, Plaintiff and all others similarly situated seek judgement against Defendant ERIC LANGAN for any FLSA damages.

**WHEREFORE**, Plaintiff, demands judgment against Defendants for unpaid minimum wages, all tips that were improperly misappropriated, an equal amount in liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable against Defendants. Dated this 24th day of January, 2025.

Respectfully submitted,

s/ T'Keara N. Watson
T'Keara N. Watson, Esquire – LEAD COUNSEL
FBN: 1018265
Anthony Hall, Esquire
FBN: 40924
THE LEACH FIRM, P.A.

1560 N. Orange Ave., Suite 600  
Winter Park, FL 32789  
Telephone: (407) 574-4999  
Facsimile: (833) 813-7513  
Email: twatson@theleachfirm.com  
Email: ahall@theleachfirm.com  

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this **24th** day of **January**, **2025**, the above was filed using the e-portal filing system which will send a copy via electronic mail to Defendant's Registered Agent.

s/ T'Keara N. Watson  
T'Keara N. Watson, Esquire