**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

DANA LOPEZ,

    Plaintiff,                                  **Case No. 1:25-cv-20367-RKA**

v.

JW LEE, INC., D/B/A SCARLETT'S
CABARET and ERIC LANGAN,
individually,

    Defendants.

_____/

# DEFENDANT JW LEE INC. D/B/A SCARLETT'S CABARET

# ANSWER

Defendant JW LEE INC. d/b/a Scarlett's Cabaret, ("Defendant"), files its Original Answer to Plaintiff's Amended Complaint and Demand for Trial by Jury (Collective/Class Action Complaint) [Doc. 12] (the "Complaint").

## RESPONDING TO INTRODUCTION

1. Defendant admits that Plaintiff has brought a suit for unpaid wages under the FLSA and denies the remaining allegations in paragraph 1 of the Complaint.

## RESPONDING TO JURISDICTION

2. Defendant admits this Court has jurisdiction over the subject matter of this action.

3. Defendant denies the allegations in paragraph 3 of the Complaint.

4. Defendant denies the allegations in paragraph 4 of the Complaint.

**RESPONDING TO VENUE**

5.      Defendant admits the venue is proper in the Southern District of Florida and denies the remaining allegations in paragraph 5 of the Complaint.

**RESPONSE TO PARTIES**

6.      Defendant admits Plaintiff performed as an Entertainer at Scarlett's Cabaret in Florida and denies the remaining allegations in paragraph 6 of the Complaint.

7.      Defendant denies the allegations in paragraph 7 of the Complaint.

8.      Defendant denies the allegations in paragraph 8 of the Complaint.

9.      Defendant denies the allegations in paragraph 9 of the Complaint.

**RESPONSE TO FLSA ENTERPRISE COVERAGE**

10.     Defendant admits that Scarlett's Cabaret has been an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r)(1) and denies the remaining allegations in paragraph 10 of the Complaint.

11.     Defendant denies the allegations in paragraph 11 of the Complaint.

12.     Defendant denies the allegations in paragraph 12 of the Complaint.

13.     Defendant denies the allegations in paragraph 13 of the Complaint.

14.     Defendant denies the allegations in paragraph 14 of the Complaint.

**RESPONSE TO GENERAL FACTUAL ALLEGATIONS**

15.     Defendant denies the allegations in paragraph 15 of the Complaint.

16.     Defendant admits that it did not pay Plaintiff any wages and denies the remaining allegations in paragraph 16 of the Complaint.

17.     Defendant denies the allegations in paragraph 17 of the Complaint.

18.     Defendant denies the allegations in paragraph 18 of the Complaint.

19.     Defendant denies the allegations in paragraph 19 of the Complaint.

20.     Defendant admits it operated and managed Scarlett's Cabaret and denies the remaining allegations in paragraph 20 of the Complaint.

21.     Defendant denies the allegations in paragraph 21 of the Complaint.

22.     Defendant denies the allegations in paragraph 22 of the Complaint.

23.     Defendant lacks sufficient information to admit or deny the allegation in paragraph 23 of the Complaint.

24.     Defendant denies the allegations in paragraph 24 of the Complaint.

25.     Defendant admits Plaintiff performed as an Entertainer at Scarlett's Cabaret and denies the remaining allegations in paragraph 25 of the Complaint.

26.     Defendant denies the allegations in paragraph 26 of the Complaint.

27.     Defendant denies the allegations in paragraph 27 of the Complaint.

28.     Defendant denies the allegations in paragraph 28 of the Complaint.

29.     Defendant denies the allegations in paragraph 29 of the Complaint.

30.     Defendant denies the allegations in paragraph 30 of the Complaint.

31.     Defendant denies the allegations in paragraph 31 of the Complaint.

32.     Defendant denies the allegations in paragraph 32 of the Complaint.

33.     Defendant denies the allegations in paragraph 33 of the Complaint.

34.     Defendant denies the allegations in paragraph 34 of the Complaint.

35.     Defendant admits the allegations in paragraph 35 of the Complaint.

36.     Defendant denies the allegations in paragraph 36 of the Complaint.

37.     Defendant denies the allegations in paragraph 37 of the Complaint.

38.     Defendant denies the allegations in paragraph 38 of the Complaint.

39.     Defendant denies the allegations in paragraph 39 of the Complaint.

40.     Defendant denies the allegations in paragraph 40 of the Complaint.

41.     Defendant admits the allegations in paragraph 41 of the Complaint.

42.     Defendant admits the allegations in paragraph 42 of the Complaint.

43.     Defendant admits the allegations in paragraph 43 of the Complaint.

**RESPONSE TO COLLECTIVE ACTION ALLEGATIONS**

44.     Defendant denies the allegations in paragraph 44 of the Complaint.

45.     Defendant denies the allegations in paragraph 45 of the Complaint.

46.     Defendant denies the allegations in paragraph 46 of the Complaint.

47.     Defendant denies the allegations in paragraph 47 of the Complaint.

48.     Defendant denies the allegations in paragraph 48 of the Complaint.

49.     Defendant denies the allegations in paragraph 49 of the Complaint.

50.     Defendant denies the allegations in paragraph 50 of the Complaint.

51.     Defendant denies the allegations in paragraph 51 of the Complaint.

52.     Defendant denies the allegations in paragraph 52 of the Complaint.

**RESPONSE TO CLASS REPRESENTATION ALLEGATIONS**

53.     Defendant denies the allegations in paragraph 53 of the Complaint.

54.     Defendant denies the allegations in paragraph 54 of the Complaint.

55.     Defendant denies the allegations in paragraph 55 of the Complaint.

56.     Defendant denies the allegations in paragraph 56 of the Complaint.

57.     Defendant denies the allegations in paragraph 57 of the Complaint.

58.     Defendant denies the allegations in paragraph 58 of the Complaint.

59.     Defendant denies the allegations in paragraph 59 of the Complaint.

60.     Defendant denies the allegations in paragraph 60 of the Complaint.

61.     Without knowledge as to Plaintiff's arrangements for legal representation. Denied

that Defendant is responsible for payment of Plaintiff's attorney's fees. Otherwise denied.

62.     The law speaks for itself.

63.     Defendant denies the allegations in paragraph 63 of the Complaint.

64.     Defendant denies the allegations in paragraph 64 of the Complaint.

65.     Defendant denies the allegations in paragraph 65 of the Complaint.

66.     Defendant denies the allegations in paragraph 66 of the Complaint.

67.     Defendant denies the allegations in paragraph 67 of the Complaint.

68.     Defendant denies the allegations in paragraph 68 of the Complaint.

69.     Defendant denies the allegations in paragraph 69 of the Complaint.

70.     Defendant denies the allegations in paragraph 70 of the Complaint.

71.     Defendant denies the allegations in paragraph 71 of the Complaint.

72.     Defendant denies the allegations in paragraph 72 of the Complaint.

73.     Defendant denies the allegations in paragraph 73 of the Complaint.

74.     Defendant denies the allegations in paragraph 74 of the Complaint.

75.     Defendant denies the allegations in paragraph 75 of the Complaint.

76.     Defendant denies the allegations in paragraph 76 including its subparagraphs of the

Complaint.

77.     Defendant denies the allegations in paragraph 77 including its subparagraphs of the

Complaint.

78.     Defendant denies the allegations in paragraph 78 of the Complaint.

79.     Defendant denies the allegations in paragraph 79 of the Complaint.

80.     Defendant denies the allegations in paragraph 80 of the Complaint

81.     Defendant denies the allegations in paragraph 81 of the Complaint.

## RESPONSE TO COUNT I
## VIOLATION OF THE FLORIDA CONSTITUTION, ART. X, SEC. 24
### (Minimum Wage)

82.     Defendant incorporates by reference and reassert its admissions and denials as set forth above.

83.     Defendant denies the allegations in paragraph 83 of the Complaint.

84.     Defendant denies the allegations in paragraph 84 of the Complaint.

85.     Defendant denies the allegations in paragraph 85 of the Complaint.

## RESPONSE TO COUNT II
## VIOLATION OF 29 U.S.C. § 206-215

86.     Defendant incorporates by reference and reassert its admissions and denials as set forth above.

87.     Defendant denies the allegations in paragraph 87 of the Complaint.

88.     Defendant admits it did not compensate Plaintiff and denies it was under any obligation to do so pursuant to the FLSA.

89.     Defendant denies the allegations in paragraph 89 of the Complaint.

90.     Defendant denies the allegations in paragraph 90 of the Complaint.

91.     Defendant denies the allegations in paragraph 91 of the Complaint.

92.     Defendant denies the allegations in paragraph 92 of the Complaint.

93.     Defendant denies the allegations in paragraph 93 of the Complaint.

94.     Defendant denies the allegations in paragraph 94 of the Complaint.

95.     Defendant denies the allegations in paragraph 95 of the Complaint.

96.     Defendant denies the allegations in paragraph 96 of the Complaint.

97.     Defendant denies the allegations in paragraph 97 of the Complaint.

98.     Defendant denies the allegations in paragraph 98 of the Complaint.

99.     Defendant denies the allegations in paragraph 99 of the Complaint.

100.    Defendant denies the allegations in paragraph 100 of the Complaint.

## RESPONSE TO COUNT III
## REIMBURSEMENT OF HOUSE FEES AND TIPS

101.    Defendant incorporates by reference and reassert its admissions and denials as set forth above.

102.    Defendant denies the allegations in paragraph 102 of the Complaint.

103.    Defendant denies the allegations in paragraph 103 of the Complaint.

104.    The law speaks for itself.

105.    The law speaks for itself.

106.    The law speaks for itself.

107.    Defendant denies the allegations in paragraph 107 of the Complaint.

108.    Defendant denies the allegations in paragraph 108 of the Complaint.

109.    The law speaks for itself.

110.    The law speaks for itself.

111.    Defendant denies the allegations in paragraph 111 of the Complaint.

112.    Defendant denies the allegations in paragraph 112 of the Complaint.

113.    Defendant denies the allegations in paragraph 113 of the Complaint.

114.    Defendant denies the allegations in paragraph 114 of the Complaint.

## RESPONSE TO COUNT IV
## VIOLATION OF THE FLSA AND FLORIDA MINIMUM WAGE ACT BY
## DEFENDANT ERIC LANGAN, INDIVIDUALLY

115.     Defendant incorporates by reference and reassert its admissions and denials as set forth above.

116.     Defendant denies the allegations in paragraph 116 of the Complaint.

117.     Defendant denies the allegations in paragraph 117 of the Complaint.

118.     Defendant denies the allegations in paragraph 118 of the Complaint.

119.     Defendant denies the allegations in paragraph 119 of the Complaint.

120.     Defendant denies the allegations in paragraph 120 of the Complaint.

121.     Defendant denies the allegations in paragraph 121 of the Complaint.

122.     Defendant denies the allegations in paragraph 122 of the Complaint.

123.     Defendant denies the allegations in paragraph 123 of the Complaint.

124.     Defendant denies the allegations in paragraph 124 of the Complaint.

Defendant denies that Plaintiff has any valid claims against it, that Plaintiff is entitled to the damages and relief set forth in this paragraph, and that Plaintiff is entitled to any other damages, remedies, or relief whatsoever from Defendant. Defendant denies each and every allegation of the Complaint not heretofore answered, qualified, or denied as though set forth specifically and denied, and denies that it is liable for any of the damages, remedies or relief sought by Plaintiff.

## JURY DEMAND

Defendant requests a jury trial on all issues to be tried.

## AFFIRMATIVE DEFENSES

1.     The claims of Plaintiff are barred, in whole or in part, based upon the applicable statute of limitations, and that the putative claims of individuals yet to be identified may be barred by the statute of limitations. 29 U.S.C. § 255.

2.　　　The claims of Plaintiff are barred, in whole or in part, because Defendant has a reasonable, good faith belief that it was not violating the FLSA and that the putative claims of individuals yet to be identified may be likewise barred. 29 U.S.C. § 260.

3.　　　Defendant asserts that the putative claims of individuals yet to be identified may be barred, in whole or in part, by release and/or consent.

4.　　　The claims of Plaintiffs and putative claims of others are barred, in whole or in part, because they executed arbitration agreements and collective and class action waivers.

5.　　　If the Plaintiff is successful in obtaining the payment of minimum wages under the FLSA, Article X, Section 24 of the Florida Constitution or §448.110, Fla.Stat. ("Florida Minimum Wage Act" or "FMWA"), the Defendants are entitled to a set-off against such payments for all amounts received by the Plaintiff from performance fees and service charges at Defendants' business. *See, generally*, Compere v. Nusret Miami, LLC, 28 F.4th 1180 (11th Cir. 2022); Rosell v. VMSB, LLC, 2024 WL 1617821 at *1 (11th Cir. 2024); Volpe v. VMSB LLC, 2024 WL 2782872 at *1 (S.D. Fla. 2024) ("The Eleventh Circuit has unequivocally rejected the theory that a 'service charge' is a discretionary tip and cannot offset Defendant's minimum wage requirements under the Fair Labor Standards Act ("FLSA").

## PRAYER FOR RELIEF

Defendant JW LEE INC. d/b/a Scarlett's Cabaret asks that Plaintiff take nothing by way of this lawsuit, that Defendant be discharged without liability, that it recover its costs, and for all other relief to which it may show itself justly entitled.

Dated: April 5, 2025.

_/s/_   Gary S. Edinger
Gary S. Edinger, Esquire
Florida Bar No. 0606812
BENJAMIN, AARONSON, EDINGER
 & PATANZO, P.A.
305 N.E. 1st Street
Gainesville, Florida 32601

WALLACE & ALLEN, LLP
440 Louisiana, Ste. 590
Houston, Texas 77002
Telephone: (713) 227-1744
Facsimile: (713) 600-0034

Benjamin W. Allen
_(pro hac vice application forthcoming)_
ballen@wallaceallen.com
Texas Bar No. 24069288
PHV No. 1023863
Casey T. Wallace
_(pro hac vice application forthcoming)_
cwallace@wallaceallen.com
Texas Bar No. 00795827
PHV No.
Avery L. Larson
_(pro hac vice application forthcoming)_
alarson@wallaceallen.com
Texas Bar No. 24132192
PHV No.

**ATTORNEYS FOR DEFENDANT**
**JW LEE, INC., D/B/A SCARLETT'S CABARET**

-10-

## <u>CERTIFICATE OF SERVICE</u>

I certify that I served this instrument in compliance with the Federal Rules of Civil

Procedure on April 5, 2025.

THE LEACH LAW FIRM, P.A.
*Counsel for Plaintiff*

Carlos Leach
T'Keara N. Watson
Anthony Hall
1560 N. Orange Ave., Suite 600
Winter Park, FL. 32789
Tel: (407) 574-4999
Fax: (833) 813-7513
E: cleach@theleachlawfirm.com
    twatson@theleachlawfirm.com
    ahall@theleachlawfirm.com


 *s/* Gary S. Edinger
Gary S. Edinger, Esquire

-11-